## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:25CV-P340-JHM

**SALEM NAGDY**                                                                                             **PLAINTIFF**

v.

**MEMBERS OF (KY. MAS) STEALTH ALLIANCE
OF MALICE, KENTUCKY MALFEASANCE
ASSOCIATION** *et al.*                                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Salem Nagdy filed the instant *pro se* 42 U.S.C. § 1983 action. Plaintiff filed a complaint (DN 1) and subsequently filed an amended complaint (DN 8). In the amended complaint, Plaintiff sued the jury foreperson in his state-court criminal trial and listed that individual's name and employer. The Court entered an Order (DN 12) directing the Clerk of Court to file the amended complaint under seal and to redact the name and employer of the jury foreperson and to change that Defendant's name to "Jury Foreperson" in the docket sheet. The Clerk then docketed the redacted amended complaint (DN 13). The Court construes the redacted amended complaint as a motion to amend the complaint and **GRANTS** the motion. *See* Fed. R. Civ. P. 15(a)(1).

This matter is before the Court on an initial review of the redacted amended complaint (DN 13) pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

In the caption of the amended complaint form, Plaintiff lists the following Defendants: "33 Members of (KY. MAS)"; Jefferson County Circuit Judge Mitch Perry; prosecutor Christie Foster; courtroom bailiff Mike Brown; St. Matthews Police Department Officers Jeffrey D. May and Mark

Richardson; Bill Smock, an expert witness; Dr. Christopher Krieg and Dr. Jay Schuhmann, employed by Emergency Medical Associates, Inc., and Norton Healthcare; Shallon R. Griesharber, a nurse employed by Norton Healthcare; the Jury Foreperson in Plaintiff's state-court criminal trial; prosecutors Dorely Gilbert, Jeanne Anderson, Danielle Yanelli, and Jane Cizer; St. Matthews Police Department Officers Richard Hageman and Jeremy Meyer; Jefferson County District Court Judge Ann Delahanty; Kentucky appellate court judges Glenn Acree, Larry Thompson, John Minton, Jr., and L.B. Vanmeter; Louisville Metro Public Defenders Allison Rief, Carlos Wood, and Euva May; Kentucky Department of Public Advocacy attorneys Sam Potter, David Stewart, and Elias Soon Jae Kang-Bartlett; Louisville Metro Government; Jefferson County Sheriff's Department; City of St. Matthews; Norton Healthcare; Emergency Medical Associates, Inc.; Kentucky Bar Association; Jeff Cross, the Deputy Solicitor General; a John/Jane Doe Justice of the Kentucky Supreme Court; Erwin Robert, the First Assistant Commonwealth Attorney; a John/Jane Doe investigator with the Judicial Conduct Commission; a John/Jane Doe Chief of the St. Matthew Police Department; and a John/Jane Doe who "was in charge of SMPD (CID) unit on 10-19-2016."

Plaintiff states that Defendants " willfully took part [as willful & loyal members in a secret cult of corrupt, morally depraved and spiritually blinded individuals] in a grand criminal misconduct conspiracy . . . ."[1]  Plaintiff alleges that on October 19, 2016, he was injected with multiple drugs in the emergency room of Norton Healthcare without his consent because Defendant Dr. Krief thought Plaintiff was being uncooperative. He states that while he was sedated he was stripped naked and interrogated in the emergency room by Defendant Officer May. He alleges that Defendant Officers May, Richardson, Hageman, and Meyer "kidnap[ped]" him

---

[1] In the first page of the statement of claim, Plaintiff lists a litany of statutes and constitutional provisions. Because these are not factual allegations, the Court does not restate those herein.

while he was heavily sedated and transported him to the St. Matthews Police Department, interrogated him, and unlawfully seized and searched his i-pad, cellphone, passport, car, and his landscape equipment.

Plaintiff states that unspecified Defendants charged him with domestic violence and transported him to Louisville Metro Department of Corrections while he was heavily sedated. He states that his charges were changed to multiple felonies by Defendants Prosecutor Cizer, Officer May, and District Judge Delahanty and that they were aided by his first court-appointed lawyer Defendant Rief. He asserts that an "Unnamed Defendant" "attempt[ed] to extort $25,000 out of [him] through the false excuse of 'resolving Nagdy's case' 'or else.'" Plaintiff states that he was subject to "a nightmare of <u>completely</u> sham court proceedings, a sham trial and a sham and <u>fraudulent verdict</u> and a sentence of 31 years."[2] He states that Defendant Courtroom Bailiff Brown "was instrumental in obtaining that fraudulent verdict." He alleges that the Defendant Jury Foreperson and Defendants Judge Perry, Prosecutor Foster, and Bailiff Brown "worked in stealth as a team to obtain that fraudulent verdict." Plaintiff states that Defendants Officer May and Smock, an expert witness, knowingly gave perjured testimony. He states, "[T]he extra-ordinary malicious prosecution led by [Defendant Judge] Perry leading a team of [Defendants Prosecutors] Foster [and] Yanelli, & others through a well hidden secret communication network that Nagdy fully unlocked on 3-27-2025." Finally, Plaintiff maintains, "All other defendants knowingly participated in the cover-up."

As relief, Plaintiff requests compensatory and punitive damages and release from custody.

---

[2] Plaintiff cites to the video record of his trial, which he filed in this action as a CD.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A

4

claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  *"33 Members of (KY. MAS)"*

Plaintiff lists "33 Members of (KY. MAS)" as a Defendant in the caption of the redacted amended complaint. He listed this Defendant in the original complaint as "Members of (KY. MAS) Stealth Alliance of Malice, Kentucky Malfeasance Association," which is the Defendant named in the case caption of this action. Plaintiff does not state specific allegations against either of these Defendants in his pleadings. Upon review, the Court finds that Plaintiff did not intend to name an additional Defendant but used these monikers to label the group that he believed the other listed Defendants belonged to. Therefore, any claims against the "33 Members of (KY. MAS)" and "Members of (KY. MAS) Stealth Alliance of Malice, Kentucky Malfeasance Association" will be dismissed for failure to state a claim upon which relief may be granted.

### B.  *Medical providers*

Plaintiff sues Defendant Dr. Krieg, Dr. Jay Schumann, Nurse Grieshaber, Norton Healthcare, and Emergency Medical Associates, Inc. While Plaintiff only makes allegations against Defendant Dr. Krieg in his statement of claim, the Court presumes that his claims against the other medical provider Defendants arise out of the same October 19, 2016, encounter in the Norton Healthcare emergency room.

A private entity acting on its own cannot deprive a citizen of his or her constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978)); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not

create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).  Norton Healthcare, Emergency Medical Associates, Inc., and their employees are not arms of the state but are private actors that cannot be held liable under § 1983.  *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital was subject to state licensing was insufficient to support finding it was acting under color of state law); *Bernazard v. Bartsich*, No. 15-CV-945 (JG), 2016 U.S. Dist. LEXIS 3131, at *6 (E.D.N.Y. Jan. 9, 2016) ("[T]he mere fact that Jamaica Hospital was the receiving hospital of a patient shot by a New York City Police officer does not make it or the defendant physicians' actions so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action.") (internal quotation marks and citation omitted); *Raper v. Controneo*, No. 1:17-cv-368, 2017 U.S. Dist. LEXIS 154005, at *10-11 (W.D. Mich. Sept. 21, 2017) (holding that a private physician who performed surgery on the prisoner plaintiff at an offsite hospital was not state actor); *Rosario v. Washington Mem'l Hosp.*, No. CIV.A. 12-1799, 2013 U.S. Dist. LEXIS 70012, at *11 (W.D. Pa. May 17, 2013) ("While Plaintiff was an arrestee at the time he was brought to the Washington Memorial Hospital, that fact does not transform the Washington Memorial Hospital or any of its agents into entities who acted under color of state law in treating Plaintiff . . . ."); *Ketola v. Clearwater*, No. 1:08-cv-31, 2008 U.S. Dist. LEXIS 104205, at *8 (W.D. Mich. Oct. 31, 2008) (holding that even if the defendant hospital and its physician "treated [the prisoner plaintiff] at the state's request and expense, they did not thereby become state actors").  Therefore, the § 1983 claims against the medical provider Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### *C. Remaining defendants*

Plaintiff's claims against the remaining Defendants arise out of his arrest and conviction. Plaintiff states in the complaint that he was convicted and sentenced to 31 years in 2018. The Court takes judicial notice that Plaintiff was found guilty of kidnapping resulting in serious physical injury, first-degree assault, eavesdropping, and second-degree stalking in Jefferson Circuit Court. *See Nagdy v. Commonwealth*, No. 2018-SC-000565-MR, 2020 Ky. Unpub. LEXIS 18, at *1 (Ky. Mar. 26, 2020). He appealed, and the Kentucky Supreme Court affirmed the conviction. *Id.* at *25. He also filed a Kentucky Rule of Criminal Procedure 60.02 motion, which was denied, and the denial was affirmed by the Kentucky Court of Appeals. *See Nagdy v. Commonwealth*, Nos. 2021-CA-1098-MR and 2021-CA-1099-MR, 2023 Ky. App. Unpub. LEXIS 253, at *1 (Ky. App. Apr. 21, 2023).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. (footnote omitted). This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkerson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff's conviction was not reversed on appeal or otherwise invalidated. The Court has carefully reviewed the complaint and finds that all of the allegations against the Defendants other than the medical provider Defendants challenge the validity of his conviction, which is not permitted under *Heck*. Therefore, the claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:   October 22, 2025

*[signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010